**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

MAXIMO ANTONIO REYES-VASQUEZ :
:
Petitioner, :
: CIVIL ACTION NO. 3:09-cv-0707
v. :
:
ERIC HOLDER, United States Attorney : (JUDGE CAPUTO)
General, :
: (MAGISTRATE JUDGE MANNION)
Respondent :

**MEMORANDUM**

Presently before the Court is Magistrate Judge Mannion's Report and Recommendation ("R & R") of June 18, 2009 (Doc. 5) and Petitioner's Objections to the Magistrate Judge's R & R (Doc. 8). Magistrate Judge Mannion recommended that Petitioner's petition for a writ of habeas corpus be dismissed because it is barred by the doctrine of *res judicata*. (Doc. 5.) This Court will adopt Judge Mannion's R & R for the reasons discussed more fully below.

**BACKGROUND**

Petitioner Maximo Antonio Reyes-Vasquez was indicted on September 5, 1991 in the Southern District of New York. (Doc. 5.) The indictment included charges for racketeering, drug trafficking, and other related offenses. (*Id*.) When the indictment was issued, Petitioner was in the Dominican Republic. (*Id.*) A superceding indictment was apparently entered changing the court with jurisdiction over the Petitioner from the New York State Courts to the United States District Court for the Southern District of New York. (*Id.*) According to Petitioner, this indictment was subsequently dismissed by the Government, at which time he was re-indicted on charges of racketeering and conspiracy to commit murder in aid of racketeering.

(*Id.*) Petitioner plead guilty to these charges and was sentenced to twenty (20) years incarceration for the racketeering charge and ten (10) years for the conspiracy charge. (*Id.*)

On August 8 2007, Petitioner filed a petition for writ of habeas corpus in the Middle District of Pennsylvania. *Reyes-Vasquez v. United States Attorney General*, 2007 WL 3342759, at *1 (M.D. Pa. Nov. 8, 2007) (Caputo, J.) Magistrate Judge Mannion issued an R & R in that case recommending that the petition be dismissed on September 27, 2007. *Id.* Petitioner filed an objection to that R & R arguing, among other things, that "he plead guilty to a different Indictment than the one used in his extradition." *Id.* at *4. This Court held that:

> Although both Supreme Court case law and the treaty between the United States and the Dominican Republic provide that no person shall be tried for a crime or offense other than that for which he was surrendered, the Petitioner does not claim that he was tried for any other crime or (sic) than that for which he was surrendered. Rather, he claims that the indictment used in his extradition was different from the one he was tried on. Upon request for extradition, the United States Embassy noted that the Petitioner was being charged with "(1) one count of conducting or participating in racketeering activity (murders); (2) one count of conspiring to conduct or participate in racketeering activity; (3) one count of conspiracy to traffic in cocaine; and (4) one count of engaging in a continuing criminal enterprise." (Pet.Ex. A.) In the petition, the Petitioner states that the "Original Extradited Indictment S3-91358 was dismissed by the government's own motion, and subsequently the government superseding the indictment S6-91-358." (Pet. at 3.) However, the Petitioner also stated that he plead guilty to a racketeering charge and a conspiracy to commit murder, both of which were included in the request for his extradition. (Id.) Although the Petitioner may have plead guilty to an indictment which was not the original indictment used in his extradition, the law only protects the Petitioner to the extent that he would not be tried for any other crime than that for which he was extradited. For these reasons, the Petitioner is not protected by the rule of speciality created by *Rauscher* or Article IV of the Extradition Treaty.

*Id.* at *5.

The Third Circuit Court of Appeals affirmed this Court's holding that neither the Extradition Treaty between the United States and the Dominican Republic nor Supreme

2

Court precedent had been violated. *Reyes-Vasquez v. United States Attorney General*, 304 Fed. Appx. 33, 36 (3d Cir. 2008).

Petitioner filed the instant petition on April 16, 2009. (Doc. 1.) His petition argues that the Doctrine of Specialty was violated because was not convicted of the charges for which he was originally extradited from the Dominican Republic. On June 18, 2009, Magistrate Judge Mannion issued his R & R recommending that the instant petition be dismissed because, as a result of this Court's previous holding, it was barred by the doctrine of *res judicata.* Petitioner filed his objection to the R & R on August 3, 2009. (Doc. 8.) The objection does not raise any substantively new arguments; Petitioner contends that his conviction violated the Extradition Treaty between the United States and the Dominican Republic (ostensibly because he was charged with different crimes than those on which his extradition was based), that the Dominican Republic only consented to Petitioner's extradition for the charges in the superceding indictment that was subsequently dismissed by the Government, and his conviction was a violation of the Doctrine of Specialty because it was for different charges than those on which his extradition was based. No response to the objection was filed.

## **STANDARD OF REVIEW**

Where objections to the magistrate judge's report are filed, the Court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). In making its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual findings or

legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the statute permits the Court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the Court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

## **DISCUSSION**

*Res judicata*, or claim preclusion, requires a showing that there has been 1) a final judgment on the merits in a prior suit, 2) that the prior suit involved the same parties or their privies, and 3) a subsequent suit based on the same causes of action. *United States v. Athlone Industries, Inc.*, 746 F.2d 977, 983 (3d Cir. 1984) (citations omitted). The doctrine of claim preclusion rests on the theory that "parties should not have to litigate issues which they have already litigated or had a reasonable opportunity to litigate." *Williamson v. Columbia Gas & Electric Corp.*, 186 F.2d 464, 469 (3d Cir. 1950).

The Doctrine of Specialty prohibits prosecution of a defendant for a crime other than that for which he is extradited. *United States v. Alvarez-Machain*, 504 U.S. 655, 659 (1992). The leading case on the doctrine is *United States v. Rauscher*, 119 U.S. 407 (1886). *Rauscher* was cited extensively by Petitioner both in the instant petition and his previous 2007 petition, and *Rauscher* and the Specialty Doctrine were both considered by this Court

4

when it issued its holding that "the Petitioner is not protected by the rule of speciality created by *Rauscher* or Article IV of the Extradition Treaty."

There has been a final judgment on the merits in the prior suit regarding Petitioner's extradition, and that judgment was affirmed by the Third Circuit Court of Appeals. The same parties or their privies, Petitioner and the active United States Attorney General, are involved in both suits. Finally, this Court has already issued a judgment on whether Petitioner's extradition violated the Doctrine of Specialty or the Extradition Treaty between the United States the Dominican Republic. Thus, both suits involve the same cause of action. As a result, all three elements for *res judicata* are satisfied and the instant petition is barred by that doctrine.

## **CONCLUSION**

As the Court has found that Petitioner's petition for writ of habeas corpus is barred by the doctrine of *res judicata*, the Court will adopt Magistrate Judge Mannion's recommendation and dismiss the petition for writ of habeas corpus.

An appropriate order follows.


November 18, 2009 /s/ A. Richard Caputo
Date A. Richard Caputo
United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MAXIMO ANTONIO REYES-VASQUEZ :

Petitioner, : CIVIL ACTION NO. 3:09-cv-0707

      v. :

ERIC HOLDER, United States Attorney : (JUDGE CAPUTO)
General :
: (MAGISTRATE JUDGE MANNION)
Respondent :

## ORDER

**NOW**, this 18th day of November, 2009, after consideration of Magistrate Judge Mannion's Report and Recommendation recommending that Petitioner's petition for writ of habeas corpus be dismissed, and of Petitioner's objection to the Magistrate Judge's Report and Recommendation, **it is hereby ORDERED** that:

1. Petitioner's Objections to the Magistrate Judge's Report and Recommendation are **OVERRULED**.

2. The Report and Recommendation is **ADOPTED**.

3. The Petition for Writ of Habeas Corpus is **DISMISSED**.

4. The Clerk of the Court is to mark the matter in this Court **CLOSED**.

                                                    /s/ A. Richard Caputo
                                                    A. Richard Caputo
                                                    United States District Judge